**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-14-CR-088 LY** |
| | § | |
| **ENRIQUE DIAZ** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  The Court conducted a hearing on May 11, 2016, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I.  PROCEDURAL BACKGROUND

On July 15, 2010, the Defendant was sentenced by U.S. District Judge Frank Montalvo to 35 months imprisonment, followed by four years of supervised release, for importing marijuana, in violation of 21 U.S.C. § 952 and 960. Diaz commenced his supervision on May 14, 2012.  Diaz successfully completed a substance abuse counseling program in June 2013.  During that time he admitted to use of a controlled substance and his conditions were modified to require 120 days of location monitoring.  Otherwise, Diaz's first two years on supervision were uneventful.  In early February, 2014, however, Diaz reported to the United States Probation Office for an office visit. During the office visit he made an outcry for mental health assistance due to depression related to

his family issues, and grief over the loss of his son.  On February 18, 2014, the offender returned to the Probation Office and signed a mental health treatment program plan.  He was scheduled to begin his mental health counseling on March 4, 2014.  On February 21, 2014, however, Diaz was arrested by Austin Police Department officers and charged with DWI.  Because Diaz had four prior DWI convictions, the charge was filed as a felony.  On October 10, 2014, Diaz was convicted on the charge and sentenced to five years in the Texas Department of Criminal Justice - Institutional Division.  On March 12, 2014, Judge Montalvo transferred the case to the Austin Division, where it was assigned to U.S. District Judge Lee Yeakel.

Based on the felony DWI conviction, on March 25, 2014, the Probation Office submitted its Petition, alleging that Diaz violated his conditions by committing a new crime.  A warrant was issued that same day.  Diaz was paroled from the TDCJ on April 21, 2016, and was transferred in Houston to the custody of the U.S. Marshal on the 2014 warrant.  He arrived in this district on May 5, 2016.  On May 11, 2016, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of the Petition.

## FINDINGS OF THE COURT

1.    The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.    The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

2

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government gave a summary of the evidence against the Defendant.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.     The Defendant understood all of his statutory and constitutional rights.

11.     The Defendant violated conditions of his supervised release by committing the offense of driving while intoxicated, third or more, a felony, and by consuming alcohol.

## III.   RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a IV, resulting in an (advisory) guideline range of 12-18 months of imprisonment.  Having considered all of the above, and noting that the Defendant has already served more than two years of custody on the underlying DWI charge, and will remain on state parole for 33 months, and also noting that Diaz had made a request for mental health services shortly before his relapse into alcohol use, but services

were not able to be commenced until several weeks later, the undersigned RECOMMENDS that the Defendant be sentenced to 120 days of imprisonment, with no supervised release to follow.

IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of May, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE